Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
450 Seventh Avenue, Suite 2300
New York, NY 10123
Telephone: (212) 220-0523
Fax: (203) 905-6747
Email: AMalbin@FIPLawGroup.com

*Attorney for Plaintiff,*
*ERIC JOHNSON*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON,<br><br>    Plaintiff,<br><br>- against -<br><br>POP CRAVE LLC,<br><br>    Defendant. | Civil Action No. 1:24-cv-00186-AS<br><br>**FIRST AMENDED COMPLAINT** |

## FIRST AMENDED COMPLAINT

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his First Amended Complaint against Pop Crave LLC ("Defendant"), states and alleges as follows:

  1.  Plaintiff is professional photographer and artist based in New York City.

  2.  Upon information and belief, Defendant owns and operates X (formerly Twitter), Instagram, and Facebook social media pages operated under the name Pop Crave and/or the identifying handle @PopCrave (hereinafter, the "Pop Crave Social Media Pages").

  3.  Without permission or authorization from Plaintiff, Defendant copied, modified, distributed, displayed, and falsified copyright management information with respect to, five

1

original copyright-protected photographs of the recording artist Aaliyah created and exclusively owned by Plaintiff (the "Photographs At Issue," reproduced at Exhibit 1 hereto) on the Pop Crave Social Media Pages, in willful violation of Plaintiff's rights under the United States copyright laws.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This action arises from Defendants' unauthorized and unlawful reproduction, distribution, and public display of a copyrighted photograph owned by Plaintiff (reproduced at Exhibit 1), in willful infringement of Plaintiff's U.S. Copyright Registration No. VA 1-910-544 (the certificate of registration for which is attached at Exhibit 2), and falsification of copyright management information in connection therewith.

5. This Court has subject matter jurisdiction over Plaintiff's copyright claims pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental subject matter jurisdiction over Plaintiff's contract claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant engages in continuous and systematic business activities in the State of New York, and/or regularly solicits business in New York and derives substantial revenue from interstate commerce, and/or has purposely directed substantial activities at the residents of New York by means of the Pop Crave Social Media Pages and derives substantial revenue from interstate commerce.

7. Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events giving rise to the causes of action alleged herein occurred in this Judicial District.

**THE PARTIES**

8. Plaintiff Eric Johnson is a resident of New York County, New York.

9. Upon information, Defendant Pop Crave LLC is a Florida limited liability company with a principal place of business at 601855 NW 15th Avenue, Miami, Florida, 33125.

**FACTUAL ALLEGATIONS**

A. **THE PLAINTIFF AND HIS ORIGINAL, COPYRIGHT-REGISTERED PHOTOGRAPHS OF AALIAYH**

10. Plaintiff is an award-winning photographer and artist whose work includes photographic portraits of musicians and artists. He is a citizen of the State of New York and resides in the Borough of Manhattan.

11. A major focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, celebrities, personalities, and everyday individuals for over thirty years. His photographs have been published in countless books, magazines, newspapers and periodicals, used as cover artwork for music albums, and shown in gallery shows.

12. Plaintiff has developed a pristine reputation over his career for his timeless creative vision, masterful instinct for lighting, angles, and perspective, and unfailing ability to put his subjects at ease in front of the camera, all of which has translated to his consistent production of photographic portraits of the highest caliber throughout his thirty-year career.

13. Plaintiff is the legal and beneficial owner of a vast number of his original photographs, certain of which he has licensed and/or sold, and many of which he has not licensed or sold and instead has maintained in his private personal archive since their creation. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

3

14. In June 2001, Plaintiff shot a series of photographic portraits of the recording artist and actress Aaliyah on commission for Entertainment Weekly Magazine. This series of photographs include, among others, the Aaliyah Photographs at issue in this action (reproduced at Exhibit 1 hereto).

15. Plaintiff offered to license his series of photographs of Aaliyah to Entertainment Weekly Magazine for distribution to the public in its print magazine on or about June 7, 2001. Entertainment Weekly Magazine thereafter licensed from Plaintiff the right to publish certain of the photographs in its print magazine.

16. During his photo shoot with Aaliyah, Plaintiff utilized his talents, expertise, and creative vision to capture a number of intimate, timeless shots of the star, including certain photographs – such as the five Aaliyah Photographs at issue in this action – that have come to define the enduring image of Aaliyah among the public and her devoted fans.

17. Plaintiff is and has been the sole owner of all copyright rights in the Aaliyah Photographs at all times since its creation. The Aaliyah Photographs were not produced as works-made-for-hire. Plaintiff has not assigned or otherwise transferred his copyrights in the Aaliyah Photographs to any other person or entity.

18. Plaintiff has secured a U.S. copyright registration covering the Aaliyah Photographs, U.S. Copyright Reg. No. VA 1-910-544.

**B.    THE DEFENDANT AND ITS BUSINESS OPERATIONS**

19. Upon information and belief, Defendant's business involves ownership and operation of pop culture news social media pages including on the platforms X (formerly Twitter), Instagram, and Facebook – the Pop Crave Social Media Pages.

20. Upon information and belief, Defendant's online presence has a massive

following, with a following of 1.4 million on its X (formerly Twitter) page alone. (*See* https://twitter.com/PopCrave, accessed January 10, 2024.)

21. Upon information and belief, Defendant operates the Pop Crave Social Media Pages as vehicles for advertising, marketing, promoting, and publicizing its services to the public throughout the United States, including to persons in the State of New York and this Judicial District.

22. Upon information and belief, Defendant reaps substantial monetary, promotional, and other non-monetary benefits from its operation of the Pop Crave Social Media Pages.

23. Upon information, Defendant is responsible for all of the content (including, without limitation, photographic images) publicly displayed on the Pop Crave Social Media Pages.

24. Upon information and belief, Defendant takes an active role in selecting content to appear on the Pop Crave Social Media Pages by, *inter alia*, reproducing, publicly displaying, and distributing photographic images on the Pop Crave Social Media Pages; employing moderators, administrators, and editors ("Employees") who, within the scope of their employment, select and control content – including photographic images – to be reproduced, publicly displayed, and distributed on the Pop Crave Social Media Pages; and directing, controlling, ratifying, and/or participating in such Employees' selection of photographic images for the Pop Crave Social Media Pages.

25. Upon information and belief, the Pop Crave Social Media Pages, and the content published thereon, are distributed to, and viewed by, hundreds of thousands of persons located throughout the United States, including in the State of New York and this Judicial District.

26. Upon information and belief, Defendant provides technological capabilities on the

Pop Crave Social Media Pages by which users can reproduce and distribute content, including but not limited to photographic images, displayed and/or distributed thereon.

27. Upon information and belief, Defendant profits and reaps substantial financial and promotional benefits from its ownership and operation of the Pop Crave Social Media Pages and, specifically, from the reproduction, distribution, and public display of photographic images on the Pop Crave Social Media Pages.

**C. DEFENDANT'S WILLFUL VIOLATIONS OF PLAINTIFF'S COPYRIGHT RIGHTS IN AND TO THE PHOTOGRAPHS AT ISSUE**

28. Upon information and belief, at all times relevant to this dispute, Defendant has owned and operated the Pop Crave Social Media Pages, and has been responsible for all of the content – including, without limitation, all of the photographic images – reproduced, distributed, and publicly displayed on the Pop Crave Social Media Pages.

29. Upon information and belief, and as evidenced by the true and correct screen captures of the Pop Crave Social Media Pages reproduced at Exhibit 3 hereto, Defendant and/or Defendant's Employees have willfully infringed Plaintiff's copyright rights in and to the Photographs At Issue by reproducing, distributing, and publicly displaying such photograph on the Pop Crave Social Media Pages without valid license or authorization.

30. Upon information and belief, and as evidenced by the true and correct screen capture of the Pop Crave Social Media Pages reproduced at Exhibit 3 hereto, Defendant and/or Defendant's Employees willfully falsified copyright management information in connection with certain of its aforementioned infringing uses of the Photographs At Issue by placing its company/brand logo, reading "POP CRAVE" in stylized form, onto copies of the Photographs At Issue reproduced, distributed and displayed by Defendant on the Pop Crave Social Media Pages, thereby falsely identifying itself as the author and/or copyright-owner of the Photographs

6

At Issue and/or falsely representing that it possesses copyright rights in such photograph, with the intent of indicating that its use of the Photographs At Issue was not infringing.

31. Defendant has never been validly licensed, authorized, or given permission by Plaintiff or any authorized agent to engage in any use of the Photographs At Issue, or to attribute the Photographs At Issue to itself or its POP CRAVE brand in any manner.

32. Defendant had no good-faith reason to believe that its uses of the Photographs At Issue on the Pop Crave Social Media Pages were licensed or authorized by Plaintiff, any authorized agent, or the law. Accordingly, Defendant knew or should have known that its use of the Photographs At Issue constitutes copyright infringement.

33. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the Photograph At Issue, and obtained the appropriate certificates of copyright registration, U.S. Copyright Reg. No. VA 1-910-544 (attached hereto at Exhibit 2).

34. Upon information and belief, Defendant engaged in its illicit uses of the Photographs At Issue forming the basis of this Compliant knowingly of, and with reckless disregard for, Plaintiff's rights, and was aware (and/or should have been aware) that its unauthorized uses of the Photographs At Issue constitute violations of the copyright laws of the United States.

35. Upon information and belief, Defendant and/or Defendant's Employees purposely reproduced, distributed, and publicly displayed the Photograph At Issue on the Pop Crave Social Media Pages with knowledge of their renown among the public and the devoted fans of Aaliyah, with the intention of attracting user traffic to the Pop Crave Social Media Pages, and thereby increasing the promotion and publicity of the Pop Crave Social Media Pages and Defendant's

services.

36. Upon information and belief, Defendant engaged in its illicit uses of Plaintiff's Photographs At Issue for the purpose of profiting and benefiting therefrom.

37. As a result of Defendant's illicit acts described herein, Plaintiff has been substantially harmed, including, but not limited to, loss of licensing fees, opportunities, sales, profits, and benefits, diminution of the value of his copyright rights in the Photographs At Issue, erosion of the marketing and licensing value of the Photographs At Issue, and injury to Plaintiff's goodwill and reputation, all in amounts to be determined at trial.

38. Plaintiff has no adequate remedy at law. Defendant's illicit acts described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff.

## FIRST COUNT
### *Direct Copyright Infringement*

39. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

40. At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to the Photographs At Issue. The Photographs At Issue are original, creative works of Plaintiff's authorship and constitute copyrightable subject matter.

41. Plaintiff has complied in all respects with Title 17 of the United States Code, including obtaining a certificate of copyright registration for the Photographs At issue (*see* Exhibit 2).

42. Plaintiff has not licensed, authorized, or given permission to Defendant to use the Photographs At Issue in any manner, nor has Plaintiff assigned any of his exclusive rights in his copyrights in the Photographs At Issue to Defendant.

43. Upon information and belief, without permission or authorization from Plaintiff,

Defendant reproduced, distributed, and publicly displayed the Photographs At Issue on the Pop Crave Social Media Pages. Defendant's reproduction, distribution, and display of the Photographs At Issue on the Pop Crave Social Media Pages violates Plaintiff's exclusive rights under the U.S. Copyright Act, 17 U.S.C. § 106, and constitutes willful infringement of Plaintiff's copyrights in and to the Photographs At Issue.

44. Upon information and belief, hundreds of thousands of people throughout the United States and worldwide have viewed the infringing reproductions of the Photographs At Issue on the Pop Crave Social Media Pages.

45. Upon information and belief, at all times relevant, Defendant had knowledge of the copyright infringements alleged herein, and knowingly and willfully carried out its infringing activities despite being aware of Plaintiff's rights in and to the Photographs At Issue.

46. As a direct and proximate result of Defendant's aforementioned infringing acts, Plaintiff has been substantially harmed, in an amount to be proven at trial.

47. As a direct and proximate result of Defendant's aforementioned infringing acts, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

## SECOND COUNT
### *Vicarious Copyright Infringement*

48. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

49. Upon information and belief, at all times relevant, Defendant has had the legal right and practicable ability to supervise, control, limit, and stop its Employees from engaging in the infringing reproductions, distributions, and public displays of the Photographs At Issue on the Pop Crave Social Media Pages described in this Complaint, and yet declined to exercise such

right and ability.

50. Upon information and belief, at all times relevant, Defendant has had the practicable ability to supervise, control, limit, and stop the infringing activities of its Employees during their process of reproducing, distributing, and publicly displaying photographic images on the Pop Crave Social Media Pages to ensure that such activities did not involve infringement of Plaintiff's copyrights in and to the Photographs At Issue, and yet has permitted such Employees to engage in unauthorized reproduction, distribution, and public display of the Photographs At Issue.

51. Upon information and belief, as a direct and proximate result of Defendant's failure and/or refusal to exercise its right to stop or limit its Employees' infringements of the Photographs At Issue on the Pop Crave Social Media Pages, Defendant's Employees have infringed Plaintiff's rights in and to the Photographs At Issue.

52. Upon information and belief, Defendant's refusal to exercise its right to stop or limit its Employees' infringing uses of the Photographs At Issue has been willful, purposeful, and in complete disregard for Plaintiff's rights.

53. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit its Employees' infringing uses of the Photographs At Issue, Plaintiff has been substantially harmed in an amount to be proven at trial.

54. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit its Employees' infringing uses of the Photographs At Issue, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

### THIRD COUNT
*Inducement of Copyright Infringement*

55. Plaintiff repeats and reincorporates the allegations contained in the preceding

paragraphs as though set forth in full herein.

56. Upon information and belief, users who access the Pop Crave Social Media Pages that Defendant owns, operates, distributes, and promotes, have been provided by Defendant with technological means to directly infringe, and have directly infringed, Plaintiff's copyrights in and to the Photographs At Issue, by creating, distributing, and publicly displaying unauthorized reproductions thereof using "retweet"/ "share" functions provided on the Pop Crave Social Media Pages.

57. By its aforementioned activities, Defendant has induced, caused, and/or materially contributed to infringements of the Photographs At Issue by persons who access the Pop Crave Social Media Pages.

58. Upon information and belief, Defendant had knowledge that its aforementioned activities would induce, cause, and/or materially contribute to infringements of the Photographs At Issue by persons who access the Pop Crave Social Media Pages.

59. Defendant's aforementioned activities have been willful, intentional, purposeful, and in complete disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

60. As a direct and proximate result of Defendant's aforementioned infringing acts, Plaintiff has been substantially harmed in an amount to be proven at trial.

61. As a direct and proximate result of Defendant's aforementioned infringing acts, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

## FOURTH COUNT
### *False Copyright Management Information (17 U.S.C. § 1202[a] et seq.)*

62. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

63. Upon information and belief, Defendant violated 17 U.S.C. § 1202(a) *et seq.* by providing and distributing copyright management that is false knowingly and with the intent to induce, enable, facilitate, or conceal infringement.

64. Upon information and belief, Defendant violated 17 U.S.C. § 1202(a) *et seq.* by placing its company/brand logo, reading "POP CRAVE" in stylized form, onto copies of the Photographs At Issue reproduced, distributed and displayed by Defendant on the Pop Crave Social Media Pages, thereby falsely identifying itself (rather than Plaintiff) as author and/or copyright owner of such photograph and/or falsely representing that it possesses copyright rights in such photographs, with the intent of concealing that its use of the Photographs At Issue was of an infringing nature (*see* Exhibit 3).

65. Upon information and belief, hundreds of thousands of people have viewed Defendant's false attributions to itself and/or its POP CRAVE brand placed onto copies of the Photographs At Issue reproduced, distributed and displayed by Defendant on the Pop Crave Social Media Pages.

66. Upon information and belief, Defendant's aforementioned activities in violation of 17 U.S.C. § 1202(a) *et seq.* were willful, reckless, and/or with knowledge, and carried out knowing and intending that its actions would induce, enable, facilitate, or conceal an infringement of Plaintiff's copyright rights.

67. As a direct and proximate result of Defendant's aforementioned illicit acts, Plaintiff has been substantially harmed in an amount to be proven at trial.

68. As a direct and proximate result of Defendant's aforementioned illicit acts, Defendant has obtained direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendant, finding that Defendant has directly and vicariously infringed Plaintiff's U.S. Copyright Registration No. VA 1-910-544 in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*, and provided and/or distributed false copyright management information in violation of the U.S. Copyright Act, 17 U.S.C. § 1202 *et seq.*, and awarding Plaintiff monetary and injunctive relief as follows:

A. All damages sustained by Plaintiff in consequence of the infringements of Plaintiff's rights in and to the Photographs At Issue committed by Defendant and/or by Defendant's Employees with respect to whom Defendant failed and/or refused to exercise its legal right and practicable ability to stop or limit such infringements, as well as all gains, profits, and advantages realized by Defendant from said infringements, in amounts to be proven at trial and all increased to the maximum extent permitted by law; or in the alternative, at Plaintiff's election prior to entry of final judgment, statutory damages pursuant to 17 U.S.C. § 504(c), increased to the maximum extent permitted by law;

B. All damages sustained by Plaintiff in consequence of the violations of Plaintiff's rights in and to the Photographs At Issue committed by Defendant under 17 U.S.C. § 1202 *et seq.*, as well as all gains, profits, and advantages realized by Defendant from said violations, in amounts to be proven at trial and all increased to the maximum extent permitted by law; or in the alternative, at Plaintiff's election prior to entry of final judgment, statutory damages pursuant to 17 U.S.C. § 1203(c)(3), increased to the maximum extent permitted by law;

C. A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant as well as its agents, servants, employees, representatives, parent companies, subsidiaries, successors

and assigns, as well as all persons, firms, and corporations in active concert or participation with any of them, from directly or indirectly infringing Plaintiff's U.S. Copyright Registration No. VA 1-929-530;

  D. Plaintiff's reasonable attorneys' fees incurred in connection with this action pursuant to 17 U.S.C. § 505;

  E. Plaintiff's full costs incurred in connection with this action pursuant to 17 U.S.C. § 505; and,

  F. Such other and further relief that the Court determines to be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: New York, New York
   January 11, 2024

          By: _____
            Alexander Malbin, Esq. (AM9385)
            FERDINAND IP, LLC
            450 Seventh Avenue, Suite 2300
            New York, NY 10123
            Telephone: (212) 220-0523
            Fax: (203) 905-6747
            Email: AMalbin@FIPLawGroup.com

            *Attorney for Plaintiff*
            *ERIC JOHNSON*